## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| THOMAS R. SEARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: CV205-121 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Morton J. Gold, Jr., ("the ALJ" or "ALJ Gold") denying his claim for Disability Insurance Benefits and Supplemental Security Income.  Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled.  Defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income on March 13, 2003, alleging that he became disabled on August 3, 2002, due to low back, hip, and leg pain. (Tr. at 12.) After his claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing.  On November 24, 2004, ALJ Gold conducted a hearing at which Plaintiff and his mother appeared and testified.  Mark Leaptrot, a vocational expert, was present at this hearing. (Tr. at 11, 141.) ALJ Gold found

AO 72A
(Rev. 8/82)

that Plaintiff was not disabled within the meaning of the Act.  (Tr. at 12.)  The Appeals

Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the

ALJ became the final decision of the Commissioner for judicial review.  (Tr. at 8.)

Plaintiff, born on September 18, 1973, was thirty-one (31) years old when ALJ Gold

issued his decision.  He has a ninth grade education.  (Tr. at 12.)  His past relevant work

experience includes employment as a construction worker, machine operator, maintenance

worker, and cable installer.  (Id.)

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to

determine whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920; Bowen v.

Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).  The first step

determines if the claimant is engaged in "substantial gainful activity."  Yuckert, 482 U.S. at

140, 107 S. Ct. at 2287.  If the claimant is engaged in substantial gainful activity, then

benefits are immediately denied.  Id.  If the claimant is not engaged in such activity, then

the second inquiry is whether the claimant has a medically severe impairment or

combination of impairments.  Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291.  If the

claimant's impairment or combination of impairments is severe, then the evaluation

proceeds to step three.  The third step requires a determination of whether the claimant's

impairment meets or equals one of the impairments listed in the Code of Federal

Regulations and acknowledged by the Commissioner as sufficiently severe to preclude

substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404,

Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004).  If the

impairment meets or equals one of the listed impairments, the plaintiff is presumed

disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of August 3, 2002, through January 2003, there was evidence which indicated that Plaintiff engaged in substantial gainful activity. ALJ Gold determined that Plaintiff's record showed that he did not engage in substantial gainful activity as of February 1, 2003, and the "remainder of [his] decision" considered Plaintiff's condition from that date forward. (Tr. at 13.) At Step Two, the ALJ determined that Plaintiff suffered from low back pain, which is an impairment considered severe within the Act. (Tr. at 15.) However, the ALJ also determined that Plaintiff's medically determinable impairment did not meet or medically equal a listed impairment. (Id.) The ALJ found that Plaintiff retained the residual functional capacity to perform work in at least the "light exertional" range. (Tr. at 17.) A person who can perform work in the light exertional range can lift up to 20 pounds occasionally and 10 pounds frequently with occasional bending and stooping. This person can also walk and/or stand for a great deal of time or sitting most of the time with some pushing or pulling of arm or leg controls. (Id.) If someone can perform light work, that individual can also perform sedentary work. At the next step, ALJ Gold concluded that

3

Plaintiff's past relevant work as a carpenter, bricklayer, shrimper, and landscaper was precluded by his residual functional capacity and that he had no transferrable skills from his past relevant work. At the next step, the ALJ noted that, considering the vocational expert's testimony[1] and Plaintiff's age, educational background, work experience, and residual functional capacity, Plaintiff was capable of making a successful adjustment to work existing in significant numbers in the national economy. (Tr. at 18.)

## ISSUE PRESENTED

Plaintiff asserts that the ALJ erred by:

I.      Partially basing his decision on non-existent vocational testimony;

II.     Discounting the opinions of Plaintiff's treating physicians;

III.    Disregarding Plaintiff's alleged non-exertional limitations;

IV.     Considering evidence not in the record or supported by the record; and

V.      Allowing Plaintiff to proceed without representation.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395

---

[1] ALJ Gold noted that, although Plaintiff could bend and stoop occasionally, the vocational expert testified that these limitations did not "significantly erode the occupational base for light work activity." (Tr. at 18.)

AO 72A
(Rev. 8/82)

F.3d 1206, 1210 (11th Cir. 2005).  Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence.  Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved.  The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion.  Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982).  The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence.  Dyer, 395 F.3d at 1210.  In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards.  Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification.  Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION OF AUTHORITY

### I.    Vocational Expert Testimony.

Plaintiff asserts that the ALJ's decision is based upon the testimony of a vocational expert even though a vocational expert did not testify at the hearing.  Plaintiff contends that the ALJ failed to employ the proper legal standard, and, as a result, his findings should not stand.

Defendant asserts that the ALJ properly used the Medical-Vocational Guidelines ("the Grids") based on Plaintiff's residual functioning capacity "for the range of light work, reduced by the limitation as only occasional bending or stooping." (Def.'s Br., p. 12.) Defendant concedes that ALJ Gold's decision "cites to [vocational expert] testimony that

was not taken at the hearing.  This oversight, however, is not reversible error."  (Id.)
Defendant alleges that the ALJ relied on this purported testimony to establish that a
limitation to occasional bending does not erode at the light occupational base.  Defendant
also alleges that the ALJ referred to Social Security Rulings ("SSR") 83-14 and 85-15 to
support his use of the Grids.  Defendant further asserts that, even with the elimination of
the vocational expert testimony, the ALJ's decision of "not disabled" at Step Five is
sufficiently supported.

   Generally, after a claimant's residual functional capacity and ability (or inability) to
return to his past relevant work are determined, "the ALJ may use the grids to determine
whether other jobs exist in the national economy that a claimant is able to perform."
Phillips v. Barnhart, 357 F.3d 1232, 1242 (11th Cir. 2004).  Nonetheless, when a claimant
is 'unable to perform a full range of work at a given residual level or when a claimant has
non-exertional impairments that significantly limit basic work skills[,] exclusive reliance on
the grids is not appropriate.'" Id. (quoting Francis v. Heckler, 749 F.2d 1562, 1566 (11th
Cir. 1985)(emphasis in original)).  "Although the burden of proving disability is on the
claimant, once the claimant establishes a prima facie case by showing that [his] impairment
prevents [him] from performing [his] prior occupation, the burden shifts to the Secretary,
who must produce evidence to show that the claimant is able to perform alternative
substantial gainful work that exists in the national economy." Cowart v. Schweiker, 662
F.2d 731, 735-36 (11th Cir. 1981).  Through the use of vocational expert testimony, the
ALJ must articulate specific jobs which the plaintiff is able to perform.  "Although there is
no per se rule that a vocational expert be called to testify, the ALJ must articulate specific
jobs that the claimant is able to perform, and this finding must be supported by substantial

6

evidence, not mere intuition or conjecture by the administrative law judge." Id. at 736 (internal citation and punctuation omitted).

ALJ Gold stated that, if Plaintiff could perform the full range of light work, the Grids would direct a finding of non-disability.  ALJ Gold also stated that Plaintiff's ability to perform all or substantially all of the requirements for light work was impeded by additional limitations and that an impartial vocational expert could be used to help determine whether there were a significant number of jobs existing in the national economy which Plaintiff could perform. (Tr. at 18.) The ALJ stated that Plaintiff could bend and stoop occasionally and that the vocational expert testified that these limitations did not significantly erode the occupational base for light work activity.  ALJ Gold noted "*[b]ased on the testimony of the vocational expert*," and "considering Plaintiff's age, educational background, work experience, and residual functional capacity," he could successfully adjust to work which existed in significant numbers in the national economy.  (Id.) (Emphasis supplied).

The undersigned notes that ALJ Gold cites to two Social Security Rulings[2] and used the Grids in determining that Plaintiff was not disabled within the meaning of the Act. ALJ Gold found that Plaintiff could not perform the full range of work at the light exertional level due to his non-exertional limitations.  It is not clear whether ALJ Gold's finding of "disabled" is supported by substantial evidence, as it appears that ALJ Gold based his decision that Plaintiff was not disabled at least partially on non-existent vocational expert testimony. This non-existent vocational expert testimony also appears to form the foundation of ALJ

---

[2] One of these Rulings, 85-15, pertains to mental impairments, and the purpose of the Ruling was to revise Social Security Rulings 83-13 and 85-7.  1985 WL 56857, at *1.  The undersigned fails to recognize the relevance of this Ruling to the case *sub judice*.

7

Gold's finding that Plaintiff's non-exertional limitations did not "significantly erode the occupational base for light work activity." (Tr. at 18.) Without clarification on this matter, the undersigned is unable to determine whether the Commissioner's decision is supported by substantial evidence.

It is unnecessary to address the remainder of Plaintiff's enumerations of error at this time.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

So **REPORTED** and **RECOMMENDED**, this ___5___ day of July, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)