IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| THOMAS R. SEARS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: CV205-121 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In her Objections, Defendant contends that the Administrative Law Judge's ("ALJ") determination that Plaintiff maintained the residual functioning capacity to perform work at the light exertional level reduced by the limitation of occasional bending or stooping is substantially clarified by the ALJ's reference to Social Security Rulings 83-14 and 85-15 despite the ALJ's citation to non-existent vocational expert testimony. Defendant also contends that the ALJ's citation to the absent vocational expert testimony does not render his decision unsupported by substantial evidence. Defendant asserts that the only factor of the ALJ's decision which relies on this non-existent testimony is the ALJ's finding as to Plaintiff's limitation in occasional bending or stooping.

The Magistrate Judge's Report seems only to seek clarification of the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act. The ALJ clearly states that his determination that Plaintiff is not disabled is based, at least in part, on

AO 72A
(Rev. 8/82)

vocational expert testimony which does not exist. The Court is reluctant to affirm a decision which is based on evidence not in the record.

The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. This case is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

**SO ORDERED**, this 9th day of August, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)